1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

TODD ALEXANDER,

12

Plaintiff,

13

v.

14

LEADERSHIP RESEARCH INSTITUTE, INC., et al.,

15

16

Defendants.

17
18
19
20
21
22

Case No.:  3:22-cv-01416-RBM-SBC

**ORDER**

**(1) DENYING DEFENDANTS' MOTION TO STRIKE (DOC. 62) AND STATEMENT OF PLAINTIFF'S NON-OPPOSITION (DOC. 60)**

**(2) EXTENDING DEFENDANTS' TIME TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MSJ**

23        On September 20, 2024, Defendants Leadership Research Institute, Inc., Howard

24   Morgan, Richard Silvestri, Steven Rumery, John Streitmatter, and Joelle Jay (collectively,

25   "Defendants") filed a Motion for Summary Judgment or, Alternatively, Partial Summary

26   Judgment/Adjudication ("Defendants' MSJ"), with a selected hearing date of October 28,

27   2024.  (Doc. 56.)  The same day, Plaintiff Todd Alexander ("Plaintiff") filed a Motion for

28   Summary Judgment ("Plaintiff's MSJ") with the same hearing date.  (Doc. 57.)

1

On October 11, 2024, Defendants filed an Opposition to Plaintiff's MSJ.  (Doc. 59.) A day later, on October 12, 2024, Defendants filed a Statement of Plaintiff's Non-Opposition to Defendants' MSJ ("Statement of Plaintiff's Non-Opposition").  (Doc. 60.) In their Statement of Plaintiff's Non-Opposition, Defendants explain that Plaintiff's opposition to Defendants' MSJ was due October 11, 2024 but that Plaintiff failed to file any such opposition.  (*Id.* at 2.)  Defendants then argue "that Plaintiff's non-opposition to Defendants' [MSJ] is properly deemed consent to this Court granting Defendants' [MSJ]." (*Id.* at 3 (citing *Cheema v. United States Citizenship & Immigr. Servs.*, Case No.: 19cv0422-WQH-BLM, 2019 WL 3719893, at *1 (S.D. Cal. Aug. 7, 2019)).)   In conclusion, "Defendants respectfully request that the Court issue an order granting Defendants' [MSJ], and issue judgment in Defendants' favor as to Plaintiff's Second Amended Complaint ['SAC'], and each cause of action set forth therein."  (*Id.*)

On October 14, 2024, Plaintiff filed an Opposition to Defendants' MSJ.  (Doc. 61.) The same day, Defendants filed a Notice of Plaintiff's Untimely Filing and Request to Strike ("Motion to Strike").  (Doc. 62.)  In their Motion to Strike, Defendants reiterate the same arguments set forth in their Statement of Plaintiff's Non-Opposition, concluding that "Plaintiff's untimely Opposition is improper and should be stricken."  (*Id.* at 3.)

In response to Defendants' Statement of Plaintiff's Non-Opposition and Motion to Strike, Plaintiff's counsel filed two affidavits requesting that the Court consider its late-filed opposition.  (*See* Docs. 63, 64.)  In both affidavits, Plaintiff's counsel explains that he mistakenly calendared the opposition deadline for October 14, 2024, not realizing that October 14, 2024 was a federal holiday, which changed the opposition deadline to October 11, 2024.  (*See* Doc. 63 ¶¶ 5–6; Doc. 64 ¶¶ 6–7.)  Plaintiff's counsel then requests that the Court use its discretion to excuse his good faith mistake and consider Plaintiff's late-filed Opposition.  (*See* Doc. 63 ¶¶ 8, 14; Doc. 64 ¶¶ 9, 15.)

## I.   DISCUSSION

"[E]ach party opposing a motion, application, or order to show cause must file that opposition or statement of non-opposition with the Clerk and serve the movant or the

1    movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing.

2    For example, for a motion to be heard on a Monday, the opposition papers must be filed

3    and served no later than two (2) Mondays prior to the noticed hearing. *However, if the*

4    *second Monday prior to the Monday hearing is a holiday, then the opposition papers must*

5    *be filed and served no later than three (3) Fridays prior to the noticed hearing.*" S.D. Cal.

6    Civ. R. 7.1(e)(2) (emphasis added).   Here, Plaintiff concedes that his opposition to

7    Defendants' MSJ was due Friday, October 11, 2024 because Monday, October 14, 2024

8    was a federal holiday and that he did not file his Opposition until October 14, 2024.

9    Defendants therefore request that Plaintiff's Opposition be stricken, that Defendants' MSJ

10   be granted, and that judgment be issued in Defendants' favor as to Plaintiff's SAC.  For

11   the reasons set forth below, Defendants' requests are **DENIED**.

12        First, considering the timing of the federal holiday, the Court is persuaded that

13   Plaintiff's counsel's calendaring mistake was genuine.  Further, as Plaintiff correctly notes,

14   the law has a strong preference for deciding cases on their merits.  *See Am. Guard Servs.,*

15   *Inc. v. Szerlip & Co.*, No. CV 18-05418-RSWL-SS, 2018 WL 4027000, at *2 (C.D. Cal.

16   Aug. 21, 2018) (exercising discretion to consider a late-filed opposition); *Summer v.*

17   *Berryhill*, No. 16-CV-01872-BLF, 2017 WL 3007075, at *3 (N.D. Cal. July 14, 2017)

18   ("[T]he Court shall exercise its discretion to consider Defendant's late-filed cross-motion

19   and opposition on the merits" despite a delay of five and a half months).  Additionally,

20   aside from noting that Plaintiff's Opposition was filed late, Defendants have not argued

21   that they would be prejudiced by the Court's consideration of the late filing.  *See Am. Guard*

22   *Servs., Inc.*, 2018 WL 4027000, at *2; *Summer*, 2017 WL 3007075, at *3.  Finally, the

23   Court is not persuaded by Defendants' reliance on *Cheema*.  In contrast to the short three-

24   day delay here, the plaintiff in *Cheema* never filed an opposition to the defendant's motion

25   to dismiss.  2019 WL 3719893, at *1.  Further, despite the plaintiff's failure to file an

26   opposition, the district court granted the plaintiff leave to amend her complaint.  *Id.* at *2.

27   Thus, *Cheema* does not support the extreme relief requested here—that Defendants' MSJ

28   be granted and that judgment be issued in Defendants' favor.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   **CONCLUSION**

Based on the foregoing, Defendants' Motion to Strike (Doc. 62) and the requests set forth in Defendants' Statement of Plaintiff's Non-Opposition (Doc. 60) are **DENIED**.  The Court exercises its discretion to consider Plaintiff's Opposition to Defendants' MSJ. Nevertheless, to avoid any potential prejudice to Defendants caused by the late filing of Plaintiff's Opposition, Defendants may have until **October 24, 2024** to file their Reply to Plaintiff's Opposition to Defendants' MSJ.

**IT IS SO ORDERED**.

DATE:  October 16, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4